**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| RICHARD ARMANDO TOVAR SALAS,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, DIAMONDBACK CORRECTIONAL FACILITY, et al.,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-26-2486-SLP |

**<u>O R D E R</u>**

Petitioner, Richard Armando Tovar Salas, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1]. Before the Court is Respondents' Response to Order to Show Cause [Doc. No. 8]. For the reasons set forth below, the Petition is GRANTED IN PART.

Petitioner is a citizen of Venezuela. On or about January 18, 2025, he entered the United States at the Paso Del Norte Port of Entry in El Paso, Texas. On the same day, he was placed into removal proceedings through an issuance of a Notice to Appear charging him removable pursuant to 8 U.S.C. § 1182(a)(7)(A)(i). Also on January 18, 2025, Petitioner was released from ICE custody on parole pursuant to Section 212(d)(5) of the INA.

Petitioner was detained by ICE on June 30, 2026, while driving in Carrolton, Texas. Petitioner was detained at Diamondback Correctional Facility in Watonga, Oklahoma at

the time his Petition was filed. Petitioner has been continuously detained without bond since his arrest pursuant to the detention provisions set forth in 8 U.S.C. § 1225(b)(1).

Respondents assert that Petitioner is subject to mandatory detention under § 1225(b)(1) upon revocation of his parole. The Court has previously found that § 1225(b)(1) doesn't apply in circumstances where the noncitizen has resided in the United States before their parole under § 1182(d)(5) is revoked. *Drozdov v. Lyons*, No. CIV-26-265-SLP, 2026 WL 1470929, at *2 (W.D. Okla. May 26, 2026); *Uulu v. Gantt*, No. CIV-26-611-SLP, 2026 WL 2138028, at *1 (W.D. Okla. July 24, 2026); *Sukuev v. Gantt*, No. CIV-26-532-SLP, 2026 WL 2323188, at *1 (W.D. Okla. Aug. 11, 2026); *Pena Rebolledo v. Figueroa*, No. CIV-26-959-SLP, 2026 WL 2211681, at *1 (W.D. Okla. July 31, 2026); *see also Singh v. Mullin*, No. CIV-26-601-SLP, 2026 WL 1661971, at *2 (W.D. Okla. June 9, 2026) (finding revocation of parole does not return petitioner to their prior status at border). The Court's finding of the inapplicability of § 1225(b) to Petitioner's circumstances is consistent with decisions within this judicial district and across the country. *See*, *e.g.*, *Ochilov v. Grant*, No. CIV-26-526-R, 2026 WL 1896139, at *2 (W.D. Okla. July 1, 2026); *Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *1-2 (W.D. Okla. June 29, 2026); *Khubiev v. Baltasar*, No. 25-cv-03955-STV, 2026 WL 864237, at **5-6 (D. Colo. Mar. 30, 2026); *Flores v. Leyva*, No. 4:26-cv-00060-DN-PK, 2026 WL 1830958, at **8-10 (D. Utah June 25, 2026); *Salgado v. Francis*, No. 25-CV-6524 (VEC), 2026 WL 915304, at *6 (S.D.N.Y. April 3, 2026). The Court finds

Respondents' position unpersuasive.[1] Because Petitioner is treated similar to "any other applicant for admission to the United States," the Court finds Petitioner's detention is governed by §1226(a).[2] *See Drozdov*, 2026 WL 1470929, at 3 (finding the same); *Singh*, 2026 WL 1661971, at *3 (same). Accordingly, Petitioner is entitled to an individualized bond hearing.[3]

IT IS THEREFORE ORDERED that Petitioner's Petition [Doc. No. 1] is GRANTED IN PART. Respondents are ORDERED to provide Petitioner with a proper bond hearing, before an immigration judge, pursuant to 8 U.S.C. § 1226(a) within seven (7) days of the date of this Order.

---

[1] Additionally, the Court has previously found the Tenth Circuit and Supreme Court authority relied upon by Respondents is distinguishable and does not apply to circumstances similar to Petitioner's. *See Drozdov*, 2026 WL 1470929, at *2 (rejecting applicability of *Baca-Prieto v. Guigni*); *Uulu*, 2026 WL 2138028, at *1, n. 1 (rejecting applicability of *Sierra v. INS*); *Pena Rebolledo*, 2026 WL 2211681, at *1, n. 1 (rejecting applicability of *Kaplan* and *Leng May Ma*). Furthermore, the Court does not find that the Supreme Court's recent decision in *Blanche v. Lau*, 146 S. Ct. 1981 (2026) controlling. The *Lau* Court addressed the issue of whether a lawful permanent resident actively attempting to re-enter the United States was properly deemed an applicant for admission after commission of a crime of moral turpitude. *See Lau*, 146 S. Ct. at 1987-88. Beyond the differences in the factual circumstances and status of the noncitizen, the *Lau* decision is not applicable to Petitioner's circumstances as the decision does not address the effect of termination of parole under § 1182(d)(5) nor detention under 1225(b)(1).

[2] The Tenth Circuit recently held that 8 U.S.C. § 1225(b)(2) does not apply to "noncitizens who entered the United States and were thereafter detained in the interior of the country." *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026). Pointedly, the Tenth Circuit did not reach the issue of whether such individuals arrested in the interior of the country could be subject to detention under § 1225(b)(1)(A). *See id.* at 1237, n. 6. However, as discussed above, the Court has previously found in circumstances similar to Petitioner that an immigration detainee is not subject to mandatory detention under § 1225(b)(1), rather, that they are subject to the provisions of § 1226(a).

[3] Petitioner requested in his Petition his release from custody. Because the Court is limiting relief to Petitioner's statutory claim, the Court finds that the proper remedy is a bond hearing. *See, e.g.*, *Uulu v. Gantt*, 2026 WL 2138028 at *2; *Zhakhonov*, 2026 WL 1865418, at *3.

IT IS FURTHER ORDERED that Respondents shall file a Notice of Compliance on or before 5:00 p.m., on November 30, 2026. If Respondents fail to timely comply, including a failure to timely file a Notice, Petitioner shall immediately be released from custody. *See* 28 U.S.C. §§ 2241, 2243.[4]

IT IS FURTHER ORDERED that Respondents' counsel is directed to provide a copy of this Order to the warden of the facility where Petitioner is currently detained.

A separate judgment shall be entered.

IT IS SO ORDERED this 18th day of November, 2026.

**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**

[4] "In issuing a writ of habeas corpus, a federal court has the power and authority to dispose of habeas corpus matters as law and justice require." *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (citing 28 U.S.C. § 2243); *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release."); *see also Dep't of Homeland Sec. v. Thuraissigiam,* 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention.").